UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DR. MICHELLE LOCKETT-LEWIS, | |
| Plaintiff, | Civil Action No: |
| V. | JURY TRIAL DEMANDED |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA AND GEORGIA HIGHLANDS COLLEGE, | 4:25-cv-00310-WMR |
| Defendant. | |

<u>ANSWER AND DEFENSES</u>

COMES NOW the Board of Regents of the University System of Georgia ("Board of Regents" or "BOR")[1] and Georgia Highlands College (hereinafter referred to as "Defendant" or "GHC") by and through counsel, the Attorney General of the State of Georgia, and files this Answer and Defenses to the Plaintiff's Complaint and shows the Court the following:

---

[1] Georgia Highlands College is not a separate legal entity capable of being sued; rather, it is a member institution of the Board of Regents of the University System of Georgia and is subject to the Board of Regents' management and operational control. See O.C.G.A. §§20-3-31 and 20-3-32; see also GA. CONST. 1983, art. VIII, §4, ¶1(b); McCafferty v. Medical College of Ga., 249 Ga. 62, 65 (1982) (holding that the Medical College of Georgia, as a unit of the Board of Regents of the University System of Georgia, is not a legal entity capable of being sued.) BOR is the only proper defendant and GHC should be dismissed as a separate party.

1

FIRST DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff's Complaint is subject to dismissal, in whole or in part, for lack of personal and subject matter jurisdiction.

THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution

FOURTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by sovereign immunity.

FIFTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by the applicable statute of limitations.

SIXTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of res judicata, waiver, or estoppel.

SEVENTH DEFENSE

Defendant has acted upon the existence of reasonable grounds of belief formed at the time and in light of the known circumstances.

EIGHTH DEFENSE

Defendant has not deprived Plaintiff of any rights, privileges, or immunities secured under the Constitution or the laws of the United States or the State of Georgia.

NINTH DEFENSE

Defendant has at all times acted in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff, and has been consistent with all applicable legal standards.

TENTH DEFENSE

Defendant is not liable to Plaintiff because Defendant has not discriminated against Plaintiff based on race or any other unlawful factor, has not retaliated against Plaintiff, and has not engaged in any otherwise illegal employment practices.

ELEVENTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

TWELTFH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

THIRTEENSH DEFENSE

To the extent Plaintiff seeks punitive damages, such relief is not available against Defendant.

FOURTEENTH DEFENSE

Plaintiff is not entitled to compensatory and/or backpay damages to the extent that she has failed to mitigate damages as required by law.

Defendant denies any allegation not expressly admitted herein.  Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation.  Without waiving any of the foregoing defenses, Defendant responds to the specific statements in Plaintiff's Complaint as follows:

INTRODUCTION

1. Defendant is without sufficient knowledge or information to admit or deny Paragraph 1.

4

2.  Defendant admits Plaintiff is the Assistant Vice President of Student Success and Dean of Students and one of the only Black senior administrators but denies the remaining allegations in Paragraph 2 as stated.

3.  Defendant denies Paragraph 3 as stated. To clarify, Defendant admits that Plaintiff raised concerns about several issues.  The remainder of the Paragraph is a legal theory to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief from Defendant for these or any other claims.

4.  Defendant denies Paragraph 4 as stated. To clarify, Defendant admits that Plaintiff was placed on paid administrative leave beginning March 27, 2025, but denies the remaining allegations.

5.  Paragraph 5 describes Plaintiff's action and relief she is seeking, which requires no responsive pleading. To the extent a response is required, Defendant denies each and every allegation in Paragraph 5 including the characterization that Plaintiff remains unbowed.

## PARTIES, JURISDICTION, AND VENUE

6.  Defendant admits Paragraph 6.

7.  Defendant denies Paragraph 7. By way of clarification, Georgia Highlands College is not a legal entity capable of being sued. See *McCafferty v. Medical College of Ga.,* 249 Ga. 62 (1982). Therefore service of process on the BOR

may be accomplished by serving the summons and a copy of the complaint

upon the Chancellor of the Board of Regents and/or as stated on its website

(https://www.usg.edu/contact/) Christopher McGraw, *Vice Chancellor Legal*

*Affairs*, Steffanie Morrison, *Assoc. Vice Chancellor Legal Affairs*,  or Marial

Ellis, *Asst. Vice Chancellor Legal Affairs*.

8.  Defendant admits Paragraph 8.

9.  Defendant admits Paragraph 9.

10. Paragraph 10 describes Plaintiff's legal theories about jurisdiction, and as such

requires no response from Defendant. To the extent a response is required,

Defendant admits this Court is a proper venue for Plaintiff's claims.

11. Paragraph 11 describes Plaintiff's legal theories about jurisdiction, and as such

requires no response from Defendant.

12. Paragraph 12 describes Plaintiff's legal theories about venue and as such

requires no response from Defendant. To the extent a response is required,

Defendant admits this Court is a permissible venue for Plaintiff's claims.

<u>ADMINISTRATIVE PREREQUISITES</u>

13. Paragraph 13 is a legal conclusion and as such requires no response from

Defendant.  To the extent a response is required, Defendant denies the

allegations in Paragraph 13 and also denies that Plaintiff is entitled to any relief

against Defendant for these or any other claims.

14. Defendant admits that Plaintiff has filed three (3) EEOC charges in total: 410-2025-14332, 410-2025-08544, and 410-2025-05741.

15. Defendant admits the EEOC found cause with respect to Charge No. 410-2025-08544 and that the charge was referred to the U.S. Department of Justice but denies the remaining allegations in Paragraph 15.

16. Defendant denies Paragraph 16. Based upon information and belief, the Right to Sue Notice for Charge No. 410-2025-08544 was issued on September 23, 2025. Defendant is without sufficient information or knowledge to admit or deny whether a right to sue has been issued for Charge No. 410-2025-14322.

## FACTUAL BACKGROUND[2]

17. Defendant denies Paragraph 17 as stated. To clarify, Defendant admits Plaintiff took part in multiple interviews and conducted a presentation as part of the hiring process for the Assistant Vice President position. Other candidates for this position participated in this same process.

---

[2] Plaintiff has included headings throughout her Complaint ("Compl."). Some are neutral and common – i.e. "Parties" and "Jurisdiction and Venue" - while others imply wrongdoing on behalf of Defendant. *See, e.g.,* Compl., pp. 5, 13, 15. Due to these implications, many are not repeated in Defendant's Answer and Defenses and, to the extent Plaintiff's headings can be construed as allegations, Defendant denies that it has violated Plaintiff's rights in any way or that she is entitled to any relief whatsoever from Defendant.

18. Defendant denies Paragraph 18 as stated. To clarify, employees who were internally promoted or reclassified into other positions may not be subject to multiple interviews or required to make a presentation. Mr. Van Hook, Mr. Fleschner, and Ms. Jellum, who are all white, were all internally promoted or reclassified to the stated positions.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20 as stated.

21. Defendant admits members of the women's basketball team contacted Plaintiff regarding their living conditions. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 21.

22. Defendant admits the house was in poor condition. Except as expressly admitted, Defendant denies the remaining assertions within Paragraph 22.

23. Defendant admits Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant is without sufficient information to admit or deny whether Brandon Harrell profited from rent collections. The remaining allegations within Paragraph 25 are admitted.

26. Defendant denies Paragraph 26. To clarify, Mr. Harrell was terminated on April 22, 2024.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and, therefore, deny the same.

28. Defendant is without sufficient information to admit or deny the date or content of the alleged conversations that took place between Plaintiff and the student athletes. Defendant admits that Coach Brooks collected rent money from players. Except as expressly admitted, Defendant denies the remaining allegation within Paragraph 28.

29. Defendant denies Paragraph 29 as stated. To clarify, Defendant admits that fundraising by way of *official* fundraising activities, including car washes and staffing Georgia Tech sporting events, is a part of athletics at GHC. Defendant denies Coach Brooks used fundraising money to supplement her income.

30. Defendant denies Paragraph 30 as stated. To clarify, Defendant admits that Ms. Brooks was later terminated.

31. Defendant denies Paragraph 31 as stated. To clarify, Defendant admits misconduct occurred on the Women's Basketball team and with the Athletic Director, but denies Plaintiff's characterization of misconduct as "rampant."

32. In response to the first sentence of Paragraph 32, Defendant admits that Plaintiff made a report of students' complaints regarding Mr. Brown to GHC administration, but Defendant is without sufficient knowledge or information to attest to the veracity of the students' allegations and, therefore, they are denied.

The second sentence of Paragraph 32 is a legal conclusion to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies the remaining allegation within Paragraph 32 and further denies Plaintiff is entitled to any relief from Defendant for these or any other claims.

33. Defendant denies Paragraph 33, as stated. To clarify, Defendant admits that Mr. Brown resigned before an investigation could be completed.

34. Defendant denies Paragraph 34, as stated. To clarify, Defendant admits that it receives federal money and has been and continues to be in compliance with Title IX.

35. Defendant denies Paragraph 35.

36. Defendant admits Paragraph 36.

37. Paragraph 37 is a legal conclusion to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 37 and further denies Plaintiff is entitled to any relief from Defendant for these or any other claims.

38. Defendant denies Paragraph 38 as stated. To clarify, Mr. Hughes resigned on or about September 10, 2024.

39. Defendant denies Paragraph 39, as stated.

40. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 since Defendant was not present for the conversation and, therefore, denies the same.

41. Defendant is without sufficient information to admit or deny the allegations within Paragraph 41 since Defendant was not present for the conversation and, therefore, denies the same.

42. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42 since Defendant was not present for the conversation and, therefore, denies the same.

43. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 43 since Defendant was not present for the conversation and, therefore, denies the same.

44. Defendant admits Paragraph 44 except that Plaintiff reported Dean Linberg's alleged instruction to Ms. Swanson.

45. Defendant denies Paragraph 45.

46. Defendant admits there was a meeting between Mrs. Itkow, Mrs. Swanson, Dean Lindberg, and Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations within Paragraph 46 as stated.

47. Defendant admits Paragraph 47 except the meeting occurred on or about December 5, 2024.

48. Defendant denies Paragraph 48.

49. Defendant denies Paragraph 49.

50. Defendant denies the allegations in Paragraph 50 as stated.

51. Defendant denies Paragraph 51, as stated. To clarify, Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51 since Defendant was not present for the conversation nor can Defendant admit or deny how Ms. Swanson was feeling, therefore, denies the same.

52. Defendant denies Paragraph 52, as stated.

53. Defendant admits Paragraph 53. By way of further response, Plaintiff applied for the grant on GHC's behalf and it was later awarded to the college.

54. Defendant admits Paragraph 54. But by way of further response, as it relates to the contents of the text message, the text speaks for itself.

55. Defendant admits Plaintiff raised concerns about pay and that Ms. Jellum and Ms. Loveless are white. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 55.

56. Defendant admits Mr. Fleschner was given a stipend to spearhead the school's accreditation submission. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 56 as stated. To clarify, as part of the accreditation process, Mr. Fleschner asked all department heads,

including Plaintiff, for information necessary to complete the accreditation submittal. None of these individuals, including Plaintiff received stipends because they did not spearhead the accreditation process.

57. Defendant denies Paragraph 57, as stated.

58. Defendant admits Plaintiff reported to Ms. Itkow, Dr. Coakley, copying President Hobbs, about how Mr. Hughes was texting softball players despite the fact he no longer worked for GHC. Based upon information and belief, the remaining allegations within Paragraph 58 are denied.

59. Defendant denies Paragraph 59, as stated.

60. Defendant denies Paragraph 60, as stated.

61. Defendant admits Plaintiff was a member of the Clery Committee and raised concerns regarding unsanctioned housing at some point. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 61.

62. Defendant admits Plaintiff communicated several of her concerns to Dr. Coakley by email in January 2025 but is without sufficient knowledge or information to admit or deny her mindset. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 62.

63. Defendant admits Plaintiff communicated several of her concerns, which included disparate treatment allegations, to Dr. Coakley by email in January

2025. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 63.

64. Defendant admits Dr. Coakley arranged a meeting between Plaintiff, Mrs. Itkow, President Hobbs, and herself. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 64.

65. Defendant denies Paragraph 65.

66. Defendant denies Paragraph 66, as stated.

67. Defendant denies Paragraph 67.

68. Defendant denies Paragraph 68.

69. Defendant admits Plaintiff emailed a formal grievance to Quint Hill and Wesley Horne. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 69.

70. Defendant admits Plaintiff filed an EEOC charge. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 70.

71. Defendant admits Plaintiff sent another email.  Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 71.

72. Defendant admits Plaintiff sent a second formal complaint. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 72.

73. Defendant admits Paragraph 73 except to clarify, Plaintiff's concerns were reiterated within an email to Quint Hill, dated March 1, 2025.

74. Defendant admits Plaintiff filed two separate complaints with the USG and a charge of discrimination with the EEOC. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 74.

75. Defendant admits GHC placed Plaintiff on paid administrative leave. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 75.

76. Defendant admits that Plaintiff met with Dr. Coakley and Damaris Mendoza where Plaintiff learned she would be placed on paid administrative leave. Except as expressly admitted, Defendant denies each and every allegation within Paragraph 76.

77. Defendant is without sufficient knowledge or information to admit or deny Plaintiff's mindset and perceptions and, therefore, Defendant denies Paragraph 77.

78. Defendant denies Paragraph 78.

79. Defendant admits Plaintiff was told not to return to GHC or perform any work while on leave. Except as expressly admitted, Defendant denies each and every remaining allegation within paragraph 79.

80. Defendant denies Paragraph 80.

81. Defendant denies Paragraph 81.

82. Defendant denies Paragraph 82.

83. Defendant admits Ms. Hill and Mr. Horne reached out to Plaintiff for an investigatory interview related to Plaintiff's concerns. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 83.

84. Defendant admits Plaintiff, Ms. Hill, and Mr. Horne attended a meeting to discuss her concerns related to disparate treatment and basketball issues. Except as expressly admitted, Defendant denies the remaining allegations within Paragraph 84.

85. Defendant admits Plaintiff forwarded information to Ms. Hill and Mr. Horne related to her concerns. The remaining allegations within Paragraph 85 are denied.

86. Defendant admits Plaintiff filed a supplemental position to the EEOC on or around April 28, 2025. Defendant is without sufficient knowledge or information to admit or deny sentence three of Paragraph 86 and, therefore, denies the same.  Defendant denies the remainder of Paragraph 86.

87. Defendant admits Plaintiff filed a charge with the EEOC on or about April 28, 2025. Defendant denies the remainder of Paragraph 87 except as expressly stated herein.

88. Defendant denies Paragraph 88.

89. Defendant admits Plaintiff did not teach summer and fall courses. Defendant is without sufficient knowledge and information to admit or deny what Plaintiff's plans were. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 89.

90. Defendant admits Ms. Hill and Mr. Horne's USG preliminary report was distributed on May 23, 2025. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 90.

91. Defendant admits that Plaintiff submitted a rebuttal. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 91.

92. Defendant admits that USG's final investigative report was distributed on July 18, 2025. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 92.

93. Defendant denies Paragraph 93, as stated.

94. Defendant denies Paragraph 94, as stated.

95. Defendant admits that Plaintiff sent a letter on or about August 7, 2025, and the letter is best evidence of its contents. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 95.

96. Defendant admits Plaintiff filed another charge with the EEOC on August 25, 2025. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 96.

97. Defendant admits Plaintiff was interviewed by Orie Thornton on or about September 3, 2025 regarding Plaintiff's alleged conduct. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 97.

98. Defendant denies Paragraph 98.

99. Defendant admits GHC submitted its position statement in response to EEOC Charge No. 410-2025-14332 on September 19, 2025. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 99, as stated.

100. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 100 and, therefore, denies the same.

101. Defendant admits Plaintiff alerted the USG about the letter. Defendant denies the remaining allegations within Paragraph 101, as stated.

102. Defendant admits the EEOC issued a notice for Charge No. 410-2025-14332 but is without sufficient knowledge or information to admit or deny when Plaintiff received it.

103. Defendant denies Paragraph 103, as stated.

104.   Defendant denies the allegations in Paragraph 104.

105.   Defendant admits Paragraph 105.

106.   Defendant denies the allegations in Paragraph 106.

## COUNT I – ALLEGED RACE DISCRIMINATION IN VIOLATION IN 42 U.S.C. 1981

107.   Defendant incorporates its responses to all the preceding paragraphs of this Answer as if fully set forth herein.

108.   Defendant admits it employed Plaintiff.  The remaining allegations in Paragraph 108 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

109.   Defendant admits it employed Plaintiff.  The remaining allegations in Paragraph 109 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

110.   Paragraph 110 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

111.   Paragraph 111 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

112.  Defendant denies Paragraph 112.

113.  Paragraph 113 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

114.  Paragraph 114 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

115.  Paragraph 115 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

## COUNT II – ALLEGED RETALIATION, IN VIOLATION OF 42 U.S.C. SECTION 1981

116.  Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

117.  Defendant admits it employed Plaintiff.  The remaining allegations in Paragraph 117 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

118.  Defendant admits it employed Plaintiff.  The remaining allegations in Paragraph 118 are a legal conclusion to which no response is required. To the

extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

119.  Paragraph 119 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

120.  Paragraph 120 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

121.  Paragraph 121 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

122.  Paragraph 122 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

123.  Paragraph 123 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertion and further denies Plaintiff is entitled to any relief for these or any other claims.

## COUNT III – ALLEGED RACE DISCRIMINATION, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

124.  Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

125.   Paragraph 125 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff but denies Plaintiff is entitled to any relief for these or any other claims.

126.   Paragraph 126 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff but denies Plaintiff is entitled to any relief for these or any other claims.

127.   Defendant admits Plaintiff is a Black woman. The remaining allegations within Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

128.    Defendant denies Paragraph 128.

129.   Paragraph 129 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

130.   Paragraph 130 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

131.   Paragraph 131 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies she is entitled to any relief for these or any other claims.

## COUNT IV – ALLEGED RETALIATION BASED ON RACE, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

132.   Defendant incorporates all of its responses to the preceding paragraphs of this Answer as if fully set forth herein.

133.   Paragraph 133 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff but denies Plaintiff is entitled to any relief for these or any other claims.

134.   Paragraph 134 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff but denies Plaintiff is entitled to any relief for these or any other claims.

135.   Paragraph 135 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

136.   Paragraph 136 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

137.   Paragraph 137 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

138.   Paragraph 138 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

139.   Paragraph 139 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

**COUNT V – ALLEGED RETALIATION IN VIOLATION OF THE GEORGIA FAIR EMPLOYMENT PRACTICES ACT O.C.G.A. §§45-19-29 et seq.**

140.   Defendant incorporates all of its responses to the preceding paragraphs of this Answer as if fully set forth herein.

141.   Paragraph 141 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

142.   Paragraph 142 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff, but denies Plaintiff is entitled to any relief for these or any other claims.

143.   Paragraph 143 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

144.   Paragraph 139 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

145.   Defendant denies Paragraph 145.

146.   Paragraph 146 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

147.   Paragraph 147 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

148.   Paragraph 148 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

149.   Paragraph 149 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

150.   Paragraph 150 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

## COUNT VI – ALLEGED WHISTLEBLOWER RETALIATION, IN VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT O.C.G.A. §§45-1-4 *et seq.*

151.  Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

152.  Paragraph 152 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff, but denies Plaintiff is entitled to any relief for these or any other claims.

153.  Paragraph 153 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits employing Plaintiff, but denies Plaintiff is entitled to any relief for these or any other claims.

154.  Paragraph 154 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

155.  Paragraph 155 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

156.  Paragraph 156 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

157.   Paragraph 157 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

158.   Paragraph 158 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

159.   Paragraph 159 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

160.   Paragraph 160 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff's assertions and further denies Plaintiff is entitled to any relief for these or any other claims.

## Prayer for Relief

In response to the paragraphs containing Plaintiff's prayer for relief (a)-(j), Defendant denies that Plaintiff is entitled to any relief from Defendant for these or any other claims.

Defendant denies each and every allegation of Plaintiff's Complaint not herein specifically admitted, denied, or otherwise controverted.

WHEREFORE, having answered fully, Defendant hereby prays that Plaintiff's Complaint be dismissed in its entirety with all costs cast upon Plaintiff.

Respectfully submitted, this 2nd day of January 2026.

CHRISTOPER M. CARR                112505
Attorney General

BRYAN K. WEBB                     743580
Deputy Attorney General

*/s/ Katherine P. Stoff*
KATHERINE P. STOFF               536807
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3491
kstoff@law.ga.gov

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.B.

/s/ Katherine P. Stoff
KATHERINE P. STOFF
Senior Assistant Attorney
General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3491
kstoff@law.ga.gov

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 2, 2026 I caused to be electronically filed the within and foregoing **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> Cary R. Burke
> cburke@leemeier.law

> _/s/Katherine P. Stoff_
> KATHERINE P. STOFF
> Georgia Bar No. 536807

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Tel: (404) 458-3491
Email: kstoff@law.ga.gov