**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

DR. MICHELLE LOCKETT-LEWIS,      )
                        )
            PLAINTIFF,     )
                        )
V.                       )  Civil Action No.: 4:25-cv-00310-WMR
                        )
BOARD OF REGENTS OF THE     )  JURY TRIAL DEMANDED
UNIVERSITY SYSTEM OF       )
GEORGIA AND GEORGIA       )
HIGHLANDS COLLEGE,        )

           DEFENDANT.

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff alleges discrimination and retaliation based on her race (African American), in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981, as well as retaliation in violation of the Georgia Fair Employment Practices Act and the Georgia Whistleblower Act.

Defendant denies all unlawful conduct and further denies that Plaintiff is entitled to any of the relief requested in her Complaint.

4875-7908-7676.1 / 041553-1131

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Facts: From the beginning of her employment with Defendant Georgia Highlands College and the Board of Regents of the University System of Georgia, Plaintiff, Dr. Michelle Lockett-Lewis, has always sought to do the right thing on behalf of the College and its students.

As the Assistant Vice President – Student Success and Dean of Students (and one of the only Black senior administrators), Dr. Lockett-Lewis has advocated relentlessly throughout her tenure on behalf of the student population she oversees.

To do this, Dr. Lockett-Lewis has repeatedly spoken truth to power within the College, including when she raised significant, substantial concerns of 1) misappropriation of funding for student-athlete housing, 2) credible allegations of sexual assault when on school sanctioned fields trips, 3) misconduct within the College softball team, 4) misconduct from both the Men's and Women's basketball coaches, 5) theft of financial aid funding, 6) violations of NJCAA housing policies by sub-renting to current students, and 7) violations of the Georgia Fair Employment Practices Act and Titles VII and IX of the Civil Rights Act of 1964.

Rather than thanking Dr. Lockett-Lewis for her tireless advocacy in defense of the student population, Georgia Highlands College and the Board of Regents of

2

the University System of Georgia unlawfully retaliated against her by, among other things, placing Dr. Lockett-Lewis on administrative suspension beginning March 27, 2025 (which remains ongoing), launching a coordinated and malicious smear campaign inclusive of a retaliatory investigation, and submitting false documents to a federal agency to besmirch her character.

Dr. Lockett-Lewis, however, remains unbowed. This lawsuit for injunctive relief and damages stemming from violations of the Georgia Whistleblower Act, the Georgia Fair Employment Practices Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. Section 1981 follows.

Defendant's Facts: Dr. Lockett-Lewis ("Plaintiff") began working for Georgia Highlands College ("GHC") on July 1, 2021, as the Assistant Vice President and Dean of Students. Plaintiff claims that GHC subjected her to race based discrimination and retaliation. To support her claims, Plaintiff references a non-exhaustive list of grievances which include an unequal budget allocation for her department; experiencing a different interview process than her white peers; not addressing her complaints regarding the athletic department and a colleague being sexually harassed; and disparate treatment related to pay. Plaintiff claims that her complaints of discrimination and institutional mismanagement ultimately led to GHC retaliating against her, most notably being placed on paid

3

administrative leave on March 27, 2025. Many of plaintiff's so-called grievances are factually inaccurate and none of them demonstrate that she was subjected to race-based discrimination or retaliation. Moreover, as discussed below, the factual record in this case establishes that Plaintiff was placed on administrative leave not out of retaliation, but after credible concerns regarding her job performance were brought to light by several of her direct reports.

Defendant admits that, prior to this lawsuit, Plaintiff submitted two (2) written complaints to the University System of Georgia ("USG") on February 5, 2025, and February 28, 2025, respectively.[1]  Consequently, USG conducted a full investigation into Plaintiff's allegations of wrongful conduct on the part of GHC. As USG's investigation ensued, and unrelated to the same, several of Plaintiff's direct reports submitted complaints to GHC's management about Plaintiff's conduct and job performance, which also required a separate investigation. To avoid overlapping investigations and because Plaintiff was the subject of the latter investigation, she was placed on paid administrative leave in March, which required Dr. Lockett-Lewis not to be on campus. Often the subject of an investigation is asked not to be on campus during the investigation to protect the

---

[1] GHC is a member institution of the Board of Regents of the University System of Georgia and is subject to the Board of Regents' management and operational control. See O.C.G.A. §§ 20-3-31 and 20-3-32.

integrity of the investigative process. After being placed on leave, Plaintiff also filed two (2) EEOC charges, one on April 28, 2025, and another on August 25, 2025, respectively.

The USG investigation into Plaintiff's complaints concluded around July 2025 and determined that none of her allegations could be substantiated but did make recommendations to GHC to improve institutional effectiveness. The GHC investigation into the complaints raised by Plaintiff's direct reports wrapped up around October 2025 and found that Plaintiff failed to comply with institutional and administrative procedures, engaged in unprofessional conduct and poor leadership practices, and mishandled or failed to protect confidential information.

Defendant denies that it has unlawfully discriminated or retaliated against Plaintiff in any way. Plaintiff has not been deprived of any rights, privileges, or immunities secured under the laws of the United States or the State of Georgia. All other defenses contained within the Answer are reiterated herein and are self-explanatory. Defendant reserves the right to amend and/or supplement this response as necessary.

**(c) The legal issues to be tried are as follows:**

<u>Plaintiff's Legal Issues</u>

1. Whether Defendant is liable for race discrimination in violation of Title VII and 42 U.S.C. Section 1981;

2.    Whether Defendants is liable for race retaliation in violation of Title VII, 42 U.S.C. Section 1981, and the Georgia Fair Employment Practices Act;

3.    Whether Defendant is liable for retaliation under the Georgia Whistleblower Act;

4.    Whether Plaintiff is entitled to damages, and if so, the amount of damages; and

5.    Whether any party is entitled to recover attorneys' fees and/or costs.

Defendant's Legal Issues

1. Whether Plaintiff can establish a claim for race discrimination in violation of Title VII;
2. Whether Plaintiff can establish a claim for retaliation in violation of Title VII;

3. Whether Defendant is immune from claims under 42 U.S.C. § 1981, the Georgia Fair Employment Practices Act O.C.G.A. § 45-19-29, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4;

4. What, if any, damages Plaintiff is entitled to recover and whether she properly mitigated her damages.

**(d) The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases: *Danielle Swanson v. Board of Regents[2]*

*of the University System of Georgia et al*., Case No. 1:25-cv-07306-JPB-JSA.

---

[2] The parties identify the Swanson matter as a related case out of an abundance of caution. The two cases contain some limited overlapping factual allegations, involve the same defendant, and the same counsel appears in both cases. However, the parties do not contend that consolidation of these cases would be required or appropriate.

(2)   Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

The parties do not contend this case is complex.

_____ (1)   Unusually large number of parties

_____ (2)   Unusually large number of claims or defenses

_____ (3)   Factual issues are exceptionally complex

_____ (4)   Greater than normal volume of evidence

___X_ (5)   Extended discovery period is needed

_____ (6)   Problems locating or preserving evidence

_____ (7)   Pending parallel investigations or action by government

_____ (8)   Multiple use of experts

_____ (9)   Need for discovery outside United States boundaries

_____ (10)  Existence of highly technical issues and proof

**3.   Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>:  Cary R. Burke

<u>Defendant</u>:  Katie Stoff and Amy Sillmon

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

<u>X</u> Yes      __No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

N/A

(b) The following persons are improperly joined as parties: N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: N/A

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: Plaintiff will amend the Complaint to include causes of action for discriminatory and retaliatory termination under Title VII, Section 1981, and the Georgia Whistleblower Act upon receipt of the Right to Sue Notice from the EEOC, which has been requested.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions *to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary *Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

 (c) Other *Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions *Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties have agreed to exchange initial disclosures by February 6, 2026.

## 9. Request for Scheduling Conference:

**Does any party request a scheduling conference with the Court?** None at this time.

If so, please state the issues which could be addressed and the position of each party.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties anticipate discovery will be needed regarding: (1) the allegations and claims asserted in Plaintiff's Complaint; (2) the defenses asserted in Defendant's Answer; and (3) any other issues that may become known or relevant during discovery.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Given the scope of discovery anticipated, the Parties jointly request that this matter be placed on an eight-month discovery track.

**11. Discovery Limitation:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties do not request any changes at this time.

**(b)    Is any part seeking discovery of electronically stored information?**

   X   Yes            _____ No

**1.      The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to work together to assess the need for production of electronically stored information (including issues pertaining to accessibility, search terms, date limitations, etc.) as the case develops.

12

**2.     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties believe that all relevant ESI is in the possession of the parties and can be searched and produced by the parties in response to requests for the production of documents to be served in discovery. The parties currently do not anticipate any issues regarding the costs of production of electronic discovery. The parties have agreed to produce documents in searchable PDF format with the exception of Excel files which shall be produced in native format. Other native files will be produced on a case-by-case basis upon request.  No metadata shall be removed from any electronic or digital evidence.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate that discovery in this case may involve the disclosure of information that is confidential due to its personal nature, business sensitivity, or HIPAA.  Consequently, the parties anticipate submitting a proposed Stipulated Confidentiality Order restricting the disclosure of such information to the Court for its consideration.

**13.     Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on January 12, 2026, and that they have also participated in other settlement communications.  Other persons who participated in the conference and settlement discussions are listed according to party.

> For Plaintiff:
>
> > Lead counsel (signature): /s/ Cary R. Burke
> >
> > Other participants:                None
>
> For Defendant:
>
> > Lead counsel (signature): /s/ Katherine P. Stoff
> >
> > Other participants: None

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

> (__) A possibility of settlement before discovery.
> ( x ) A possibility of settlement after discovery.
> (__) A possibility of settlement, but a conference with the judge is needed.
> (__) No possibility of settlement.

(c) Counsel (x ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined.

(d) The following specific problems have created a hindrance to settlement of this case: N/A

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day _____, of 20___.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 3rd day of February, 2026.

/s/ *Cary R. Burke*

Cary Burke
Georgia Bar No. 757627
Email: cburke@leemeier.law
LEE MEIER BURKE
695 Pylant Street NE, Suite 105
Atlanta, Georgia 30306
Telephone: (952) 994-6163

*Counsel for Plaintiff*

/s/ *Katherine P. Stoff*

Katherine P. Stoff
Senior Assistant Attorney General
Georgia Department of Law
Georgia Bar No. 536807
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3491
Georgia Bar. 536807
Email: kstoff@law.ga.gov

*Counsel for Defendant*

16

Defendant's Jurisdictional Statement Attachment

Defendant is immune to claims under 42 U.S.C. § 1981; the Georgia Fair Employment Practices Act, O.C.G.A. § 45-19-29, *et seq.*; and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Adigwu v. Georgia Vocational Rehab. Agency*, 2023 WL 6217371 (N.D. Ga. 2023); *Brandenburg v. Bd. of Regents of the University Sys. of Ga.*, 518 Fed. App'x 628 (11th Cir. 2013).

17

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

18

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

DR. MICHELLE LOCKETT-LEWIS,

      PLAINTIFF,

V.

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA AND GEORGIA HIGHLANDS COLLEGE,

      DEFENDANT.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 4:25-cv-00310-WMR

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

On February 3rd, 2026, I filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN via the Court's CM/ECF system, which will serve copies of the same on all counsel of record.

*/s/ Cary R. Burke*
Counsel for Plaintiff